COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Robert L. HORAK, Respondent.

No. 64450.

Supreme Court of Iowa.

May 21, 1980.

Lee H. Gaudineer, Jr., Des Moines, for complainant.

David L. Phipps, Des Moines, for respondent.

LARSON, Justice.

In this proceeding we review the action of the Grievance Commission and conclude, upon the record made before the Commission, that reprimand of the respondent is appropriate under the circumstances.

This respondent was involved in rather protracted litigation in Greene County District Court. During these proceedings, opposing counsel sought and obtained from district judge James C. Smith an ex parte order authorizing an amendment to a pleading. Respondent prepared and filed, in answer to that development, a counterclaim which stated, in part:

> Further, *Plaintiffs, acting in concert with Judge James C. Smith, entered into a conspiracy* by a late amendment to Petition herein *and by knowingly violating* the provisions under statute 648.19 (1977) Code of Iowa, wherein an action for damages cannot be combined with a forcible entry and detainer action and further by attempting to seek double damages and damages in excess of the sum specified in the lease all constitutes violations of Defendants' constitutional rights under 42 U.S.C. §§ 1983 and 1985. (Emphasis added.)

The district judge took umbrage at the allegation that he had participated in a conspiracy against the respondent's clients and filed a complaint. At the hearing before the Grievance Commission, the judge denied that he was a party to any such conspiracy and denied knowledge of the existence of one. The respondent did not contend that there was any factual basis for his allegation and we find none in the record. Respondent contends that the language in his counterclaim was misconstrued by the judge and the committee and that he actually meant the conspiracy was by the plaintiffs, with the judge merely being used

by them in the process. He contends that the involvement of the judge was necessary to allege "state action" to present a claim for deprivation of civil rights under the provisions of 42 U.S.C. §§ 1983, 1985.

The complaint alleges violations of several provisions of the Iowa Code of Professional Responsibility for Lawyers and of the Code of Iowa. At the outset, we must make it clear that the propriety of Judge Smith's ex parte order is not in issue; nor is the issue whether a judge may be subjected to criticism by a litigant or an attorney. A lawyer, in the forceful pursuit of his client's rights, is not, nor could he be, confronted with any rule seeking to prevent or restrict justifiable criticism of the legal system or any part of it, including judges. Such a rule would be repugnant to a system of law based upon the adversary process. We have said that "[w]e are quite accustomed to the strongest sort of criticism and applaud the efforts of counsel to lodge criticism forcefully." *In re Frerichs*, 238 N.W.2d 764, 767 (Iowa 1976).

However, an attorney must not be permitted to engage in unbridled criticism of the court without basis in fact, even if, as respondent claims, it is for the ostensible purpose of asserting a basis for federal jurisdiction of a civil right claim. *See In re Frerichs*, 238 N.W.2d at 767 (subjective intent of lawyer in criticism of court not determinative of true nature; same to be judged by its likely effect upon public belief in integrity of court as an institution). To permit unfettered criticism regardless of the motive would tend to intimidate judges in the performance of their duties and would foster unwarranted criticism of our courts. This is obviously the gist of the rules and ethical considerations involved here.

DR 8–102(B) provides that "[a] lawyer shall not knowingly make false accusations against a judge or other adjudicatory officer." EC 8–6 provides, in part, that

> [a]djudicatory officials, not being wholly free to defend themselves, are entitled to receive the support of the bar against

unjust criticism. While a lawyer as a citizen has a right to criticize such officials publicly, he should be certain of the merit of his complaint, use appropriate language, and avoid petty criticisms, for unrestrained and intemperate statements tend to lessen public confidence in our legal system. Criticisms motivated by reasons other than a desire to improve the legal system are not justified.

EC 7–36 provides that

[j]udicial hearings ought to be conducted through dignified and orderly procedures designed to protect the rights of all parties. Although a lawyer has the duty to represent his client zealously, he should not engage in any conduct that offends the dignity and decorum of proceedings. While maintaining his independence, a lawyer should be respectful, courteous, and aboveboard in his relations with a judge or hearing officer before whom he appears. He should avoid undue solicitude for the comfort or convenience of judge or jury and should avoid any other conduct calculated to gain special consideration.

Section 610.14, The Code, provides, in part, that "[i]t is the duty of an attorney and counselor . . . [t]o maintain the respect due to the courts of justice and judicial officers."

The statements of this respondent run afoul of each of the statutory and disciplinary standards set out above. In specific reference to DR 8–102(B), we conclude that this statement was false and that the respondent knew it was false at the time it was made. His contention that it was necessary to invoke federal jurisdiction or that it was not intended to be interpreted in the manner in which the complainant did are immaterial.

We find that the evidence supports a finding of violations by the respondent of DR 8–102(B) which subjects him to discipline under DR 7–102(A)(8). This conduct also violates the ethical considerations set out above, which are "a body of principles upon which the lawyer can rely for guidance," *In re Frerichs*, 238 N.W.2d at 766,

and which clearly advised respondent in advance that this course of conduct would not be condoned.

We conclude, as did the Commission, that this respondent should be reprimanded.

RESPONDENT REPRIMANDED.

All Justices concur except HARRIS, J., who takes no part.